ZEPHANIAH HOLCOMB, plaintiff in error, *v.* THE BOARD OF COMMISSIONERS OF THE ILLINOIS AND MICHIGAN CANAL, defendants in error.

*Error to Will.*

Where the plaintiff alleged in his declaration, in an action of covenant, that the plaintiff and the defendants, a corporation by the name of the Board of Commissioners of the Illinois and Michigan Canal, "entered into certain articles of agreement, sealed with the seal of the plaintiff, and sealed by the said defendants, by W. B. Archer, the Acting Commissioner of the said Board," and then set out the agreement in *hæc verba*, and alleged a performance of the same on the part of the plaintiff; to which the defendants pleaded *non est factum*, without verifying the plea by affidavit: *Held*, that the power of the defendants to make the contract, could not be questioned under the pleadings, and that the plaintiff might prove, by parol, the execution of the contract.

THIS was an action of *covenant* brought in the Will Circuit Court, by the plaintiff in error against the defendants in error.

The declaration alleged that on the third day of December, 1836, the *plaintiff* of the one part, and the defendants of the other part, entered into certain articles of agreement, sealed with the seal of the said plaintiff, and sealed by the said defendants, by W. B. Archer, Acting Commissioner of the said Board, which said articles of agreement the said plaintiff now brings here into Court, the date whereof is on the same day and year aforesaid, which said articles of agreement are in substance and effect as follows: (Here the said articles of agreement were recited and set out in *hæc verba*.) By the said articles of agreement the plaintiff covenanted and agreed with the said Commissioners, to grade and grub a certain portion of the State road from Chicago to Juliet, from the south side of Lockport, and to erect two frame bridges, the one across a stream called Fractional Run, and the other across the Deep Ravine in the manner particularly described in the said articles of agreement. In consideration whereof, the said Commissioners covenanted to pay the said plaintiff for the improvement

Holcomb *v.* Illinois and Michigan Canal.

of the said road, the sum of $566, and for the bridges, grading, and embankment, the sum of $800, making in the whole, the sum of $1366. The declaration then alleged a performance of the said articles of agreement by the plaintiff. That he completed the work at the time and in the manner, and according to the tenor and effect of the said articles of agreement; and that thereby an action accrued to the said plaintiff to have and demand the said sum of $1366, in the said agreement mentioned. Yet the said defendants although often requested, had not paid the same, &c.

The defendants pleaded *non est factum*, verifying it by affidavit.

The following bill of exceptions was taken on the trial :

" Be it remembered that the above cause came on for trial, a jury being empannelled for that purpose ; upon which the plaintiff offered to read as the first evidence, an instrument of which the following is a copy : ' Articles of agreement made and entered into this third day of December, A. D. 1836, by and between Zephaniah Holcomb of the one part, and the Board of Commissioners of the Illinois and Michigan Canal of the other part, Witnesseth,

[The contents of the agreement are omitted by the Reporter.]

" ' In witness whereof the said parties have hereunto set their hands, and affixed their seals, at Chicago, this third day of December, A. D. 1836. ZEPHANIAH HOLCOMB. [Seal.]

" ' Signed, sealed, and ⟩ delivered in presence of ⟨

" ' W. B. ARCHER, *Acting Com.*' [Seal.]

" To the reading of which defendants objected, which objection is sustained, and the instrument not permitted to be read as evidence under the plaintiff's declaration.

" The plaintiff then called and had sworn as a witness, Joel Manning, and asked this question, ' Were you the Secretary of the Canal Board of the Illinois and Michigan Canal, in 1836 ? ' which question was objected to by the defendants, and sustained by the Court. The plaintiff then asked witness, ' Was William B. Archer, in 1836, the Acting Commissioner of the Illinois and Michigan Canal ? ' objected to by defendants, and sustained by the Court. The plaintiff then asked witness, ' Had the Board of Commissioners of the Illinois and Michigan Canal, on the third of December, 1836, at the date of this instrument, (holding it up,) any corporate seal ? ' objected to by defendants, and sustained by the Court. Next question by plaintiff, ' Is that (holding it, the instrument, up) the handwriting of William B. Archer ? ' objected to by defendants, and sustained by the Court. The plaintiff then asked witness, ' Was the contract marked " A," and shown to the witness, executed in the presence of the witness or not ? ' objected to by defendants, and sustained by the Court. The

plaintiff then asked the witness, 'Do you know how or in what manner the Board of Commissioners of the Illinois and Michigan Canal executed, signed, and sealed their contracts or covenants in 1836?' objected to by defendants, and sustained by the Court. Next question by plaintiff, 'If so, whether the contract shown to you and marked " A," and being the contract declared on, is signed and sealed in the same manner as others in 1836, by the Board?' objected to by defendants, and sustained by the Court. The plaintiff then asked witness, 'Do you know whether any payment was made by the said defendants to the said plaintiff, for work done under said contract?' objected to by defendants, and sustained by the Court. The plaintiff next called Jacob Fry, and had him sworn as a witness, and put to him this question, 'Are you now the Acting Commissioner of the Board of Commissioners of the Illinois and Michigan Canal?' objected to by the defendants, and the objection sustained by the Court. The plaintiff then asked of witness, 'Have the Board of Commissioners of the Illinois and Michigan Canal any corporate or common seal?' objected to by defendants, and which objection is sustained by the Court. The plaintiff then called Joel Manning, and asked witness this question, 'Did you obtain that pamphlet (holding up a pamphlet with the names of G. S. Hubbard, William B. Archer, and William F. Thornton attached to it) from the Canal Office?' objected to by defendants, and sustained by the Court. Plaintiff then again called Jacob Fry, and asked him, 'Do you know William B. Archer's handwriting, and if you do, look upon the paper marked " A," and say if it be William B. Archer's handwriting?' objected to by defendants, and sustained by the Court. The plaintiff then asked witness, 'Whether said Archer was the Acting Commissioner of the Illinois and Michigan Canal on the third day of December, 1836?' objected to by defendants, and sustained by the Court. The plaintiff then again offered to read the said contract claimed to be the one declared on, in evidence to the jury, to which reading the defendants objected, and which objection was sustained by the Court.

" The plaintiff then having stated he had no evidence except as offered, and was through with his case, the defendants then and there moved the Court to non-suit the plaintiff ; which motion was sustained. To all of which above decisions of the Court, the plaintiff excepts, and prays the Court to sign and seal this bill of exceptions, which is done in open Court, this 13th day of April, 1838.                    JOHN PEARSON,     [Seal.]
        *Judge of the 7th Judicial Circuit.*"

The cause was brought to this Court by writ of error, and the several decisions of the Court below assigned for error.

J. BUTTERFIELD and JAMES H. COLLINS, for the plaintiff in error.

JAMES TURNEY, for the defendants in error.

SMITH, Justice, delivered the opinion of the Court :
The points to be decided in this case, arise on the rejection of evidence offered by the plaintiff on the trial.

It is manifest that the questions put by the plaintiff's counsel to the witnesses, which were overruled by the Court, were relevant and pertinent to the issue in the cause, and should have been permitted to be answered by the witnesses. Some of the evidence, also rejected, such as the report of the Board of Canal Commissioners, should have been received under the agreement of the respective counsel recited in the record. The authenticity of the report, and its accuracy, was precluded from being shown, by the refusal to permit the answers to the questions propounded. The declaration sets out the contract by the insertion of a copy in the declaration.

The power of the Commissioners to make the contract is not questioned, and from the pleadings could not arise on the trial. The plaintiff was surely at liberty to prove the point in issue, viz : whether the contract was made as charged in his declaration, and had been complied with by him, and should have been permitted to establish by proof, its execution by the parties. Whether, when the proof had been all given, the contract was proven, was for the jury, under the direction of the Court, to determine.

We think there is error in the refusal to admit the plaintiff's evidence, and therefore reverse the judgment with costs, and remand the cause with instructions to award a *venire facias, de novo.*
*Judgment reversed.*